OPINION
{¶ 1} Claudia Thomas appeals from her conviction in Montgomery County Common Pleas Court of theft of property having a value in excess of Five Hundred ($500) dollars in violation of R.C. 2913.02(A)(1) pursuant to her guilty plea. The trial court sentenced Ms. Thomas to the maximum term of twelve months after the court found she posed the greatest likelihood of committing future crime. The court noted Ms. Thomas had twenty-six felony convictions in five years and numerous misdemeanor convictions. The court noted that Ms. Thomas had been to prison on numerous occasions in the past.
 {¶ 2} Appellate counsel has failed to identify any viable issue on appeal and has requested permission to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. Ms. Thomas was given an opportunity to file her own brief but she declined to do so. We agree that there are no arguable issues from our review of the record. The trial court complied fully with Crim.R. 11 and Ms. Thomas' plea was made freely and voluntarily with full knowledge of the consequences of that plea. There can be no question in light of Ms. Thomas' criminal history that she represented the greatest likelihood of committing future crime. The maximum sentence imposed by the trial court was appropriate. It is unclear whether the recent decision in Blakely v.Washington, 542 U.S. 296, would have entitled Ms. Thomas to a jury trial when the State requested that the court impose the maximum sentence. It is clear there is no likelihood a jury would have come to any different conclusion than the trial court on the question whether Ms. Thomas "posed the greatest likelihood of committing future crime." There is no arguable issue that trial counsel was thus ineffective for not requesting a jury trial on the sentencing issue. Strickland v. Washington, 466 U.S. 668
(1984) applied. The judgment of the trial court is Affirmed.
Brogan, P.J., Wolff, J., and Fain, J., concur.